USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/19/2021





January 15, 2021

**John M. Flannery**
914.872.7111 (direct)
John.Flannery@wilsonelser.com

*Via ECF*

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
Courtroom 443
New York, New York 10007

| | |
|---|---|
| Re: | *Kerr v. Physician Affiliate Group of New York, P.C. et al*, 17-cv-1777 (VEC) |
| File No: | 18327.00009 |

Dear Judge Caproni:

We represent Physician Affiliate Group of New York, P.C. ("PAGNY") in the above-referenced matter. We write to request permission to file under seal certain exhibits to the Defendants' Reply Memorandum in further support of their joint motion in limine and to file a redacted reply memorandum. Plaintiff consents to this motion to seal.

Specifically, Defendants' seek to file the following documents under seal, which have been deemed "Confidential" pursuant to the Protective Order in this case (DE #32): (1) documents containing data and testimony from PhyCare, a third party vendor of PAGNY that collects medical record information to perform billing functions and calculate physician bonuses; and (2) Plaintiff's medical records. Defendants' further seek to redact portions of the reply memorandum which make reference to information obtained from Plaintiff's medical records. A copy of the reply memorandum with the proposed redactions highlighted is being submitted herewith.

<u>PhyCare Evidence (Exhibits X, Y, and AA to the Reply Declaration)</u>

PhyCare collects medical record data used for billing procedures from Metropolitan and uses that information, *inter alia*, to calculate certain components of a physician's FPP bonus. The PhyCare Evidence contains information concerning the bonuses of the entire Radiology Department for the years 2013 through 2018. PAGNY treats this information as proprietary, and the work and bonus information relating to each physician as private.

With respect to the motion in limine, Defendants argue that these documents should be excluded as irrelevant. Accordingly, any presumption of access to these documents is minimal. *Lugosch v.*

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Indiana • Kentucky
Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Missouri • New Jersey • New Orleans • New York • Orlando • Philadelphia • Phoenix
San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

8616027v.1



- 2 -

*Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) ("matters that come within a court's purview solely to insure their irrelevance" fall on the far end of the continuum of the value of the information to those monitoring the courts). Accordingly, the privacy interest of other employees as well as PAGNY's proprietary interest outweigh the presumption of access at this stage of the litigation.[1] *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (ordering redaction of "sensitive personal information of current and former employees of the parties …[including], and third parties' information regarding customers, trading strategies, objectives and transactions").

<u>Plaintiff's Medical Records (Exhibits BB-EE to the Reply Declaration)</u>

Plaintiff has deemed his medical records confidential pursuant to the Protective Order. With respect to the motions in limine, these records are relevant to the issue of whether Leslie Kerr may testify as Plaintiff's treating physician. While they qualify as "judicial documents" the presumption of access is not strong, and the countervailing interest in the privacy of Plaintiff's medical records, at this stage of the litigation, is strong. *See United States v. Martoma*, 2013 U.S. Dist. (S.D.N.Y. Dec. 3, 2019) (describing "medical, health-related" records as deserving of the "greatest protection").[2]

Accordingly, Defendants' request that the Court grant this motion to seal the cited exhibits and to file a redacted reply memorandum.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant
Physician Affiliate Group of New York

Application GRANTED.

SO ORDERED.

*[signature]*
1/19/2021
HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

By: /s/ *John M. Flannery*
John M. Flannery
Eliza M. Scheibel
1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000
Our File No. 18327.00009

cc: all counsel (via ECF)

---

[1] If this court were to deny the motion in limine, a separate balancing of interests would be appropriate to the extent Plaintiff introduces any of the documents as trial exhibits.

[2] Defendants believe a different balancing may apply at trial, in the context of the damages claims presented by Plaintiff.

8616027v.1